IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| MICHELE G. THORNLEY o/b/o ALEXIS B. AND ASHLEY B. WHITTEMORE, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION NO. 9:10-2589-HFF-BM <br><br><br><br><br> **REPORT AND RECOMMENDATION** |

The Plaintiff filed the complaint in this action, pro se, pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner wherein Alexis B. Whittemore and Ashley B. Whittemore were both denied child's insurance disability benefits. The Defendant filed a motion to dismiss the Complaint on March 30, 2011, asserting that Plaintiff's Complaint was filed out of time. Plaintiff filed a response in opposition on May 5, 2011, and the Defendant did not file a reply brief.

A civil action on any claim arising under Title II or Title XVI of the Social Security Act must be commenced within sixty (60) days of notice of an adverse decision, or within such further time as the Commissioner may allow. 42 U.S.C. § 405(g). The date of receipt is presumed to be five (5) days after the date of such notice, unless there is a reasonable showing to the contrary. See 20 C.F.R. §§ 404.901, 422.210(c); see also Hyatt v. Heckler, 807 F.2d 376, 378 (4th Cir. 1986), cert. denied, 484 U.S. 820 (1987)[Upholding sixty day time limitation]; Hunt v. Schweiker, 685 F.2d



121, 122-123 (4th Cir. 1982)[same]. The Defendant has attached to his memorandum an affidavit from Paul G. Haase with the Office of Disability Adjudication and Review, Social Security Administration, wherein Haase attests that the Appeals Council denied review of Plaintiff's adverse administrative decision on July 21, 2010, at which time Plaintiff was notified that she had sixty (60) days to commence a civil action in the United States District Court. Therefore, based upon the sixty (60) days to file an action and the additional five (5) days, Plaintiff had until September 24, 2010 to file this action. Plaintiff filed this action on October 5, 2010, eleven (11) days past her deadline.

In her response to the Defendant's motion, Plaintiff contends that the date on the Court of Appeals' letter was smeared and that she took the following actions:

> I, Michele G. Thornley, contacted the Social Security Office of Appeals to inquire what the date should read. I spoke to a Mrs. Rivers who told me that even though the date stamp was smeared, the date was incorrect. She stated the date stamp should have reflected July 31, 2010, therefore I proceeded accordingly. I have been diagnosed with Fibromyalgia and have been trying to get regulated on medication. In addition, I have an incurable disease I contracted from the deceased twenty years ago that causes me to be very ill frequently when stressed and I am not as efficient as I would like to be. . . . This situation with Social Security has caused incredible physical, emotional, and financial stress for our family from the day their father passed away. Otherwise, I would not normally wait this close to the deadline to turn in sensitive documents.

See Plaintiff's Response in Opposition, pp. 1-2.

The Court notes that July 31, 2010, was a Saturday, not a business day. However, even assuming argued that the July 31, 2010 date should be used, Plaintiff still did not timely file her petition. Even allowing for the five (5) additional days for receipt, Petitioner's deadline would have been October 4, 2010.

Equitable tolling of the limitations period may be appropriate under some

2



circumstances; <u>Bowen v. City of New York</u>, 476 U.S. 467, 480 (1980); <u>Torres v. Barnhart</u>, 417 F.3d 276, 279, 281-282 (2nd Cir. 2005); and may be justified when good cause can be shown for missing a deadline.  <u>See</u> 20 C.F.R. § 404.911.  Significantly for purposes of this case, examples of good cause under § 404.911 include consideration of "what circumstances kept you from making the request on time", "whether our action misled you", and "whether you had any physical, mental, educational, or linguistic limitations . . .which prevented you from filing a timely request or from understanding or knowing about the need to file a timely request for review."   <u>See</u> 20 C.F.R. § 404.911(a)(1), (2), & (4).

   Considering the assertions of good cause shown in Plaintiff's memorandum (none of which have been contested by the Defendant),  the fact that Plaintiff was only eleven (11) days (or, alternatively, one (1) day) late in filing this case based upon the presumptive receipt date, and that this action is being pursued on the behalf of two minors, the undersigned finds that Plaintiff has set forth sufficient good cause to merit relief.  <u>Bowen</u>, 476 U.S. at 480; <u>Torres</u>, 417 F.3d at 279, 281-282; <u>see also</u> <u>Chiappa v. Califano</u>, 480 F.Supp. 856, (S.D.N.Y. 1979); <u>see also</u> 20 C.F.R. § 404.911.

   Therefore, it is recommended that the Defendant's motion to dismiss Plaintiff's Complaint as having been filed out of time be **denied**.

   The parties are referred to the notice page attached hereto.

                _____
                Bristow Marchant
                United States Magistrate Judge

May 20, 2011
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).



4