IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michele Gasque Thornely, o/b/o Alexis B. Whittemore, and Ashley e. Whittemore,<br><br>Plaintiff,<br><br>-v-<br><br>Michael J. Astrue, Commissioner of Social Security and Karen Whittemore, a/k/a Karen R. Beaty, on behalf of her children,<br><br>Defendants. | Civil Action No. 9:10-2589-MGL-BM<br><br><br><br>**REPORT AND RECOMMENDATION** |

This action has been filed by the Plaintiff, pro se, seeking child insurance benefits under Title II of the Social Security Act. See 42 U.S.C. § 405(g). The Defendant Commissioner of Social Security has filed a motion for entry of judgment with order of remand pursuant to Sentence Four of § 405(g), to allow for further administrative proceedings before the Commissioner. Plaintiff opposes remand, arguing that "supporting documents" have been available through the appeals process, and that the Social Security Administration has "chose[n] not to do their job properly and has intentionally dragged this process out." Plaintiff indicates in her response that she is in dire financial circumstances, and wants a final order in her case. The Commissioner filed a reply memorandum on August 23, 2012.

A review of the record reveals that Plaintiff Michele Gasque Thornely married Kerry Whittemore (the "deceased wage earner") on November 12, 1988. Plaintiff and the deceased wage earner had two natural children, Alexis Whittemore and Ashley Whittemore. Plaintiff and the deceased wage earner were divorced on September 14, 2000, following which the deceased wage



earner married Karen Whittemore on September 30, 2000. Karen Whittemore had four children, who became the deceased wage earner's step children. (R.p. 15).

The deceased wage earner died on November 12, 2003. Plaintiff filed an application for survivor's insurance benefits on behalf of their two natural children on November 29, 2003, and Karen Whittemore filed an application for survivor's insurance benefits on behalf of her four natural children, the deceased wage earner's stepchildren, on December 9, 2003. The Social Security Administration determined that all six children were eligible and entitled to receive survivor's insurance benefits on the earnings record of the deceased wage earner. (R.p. 12). Plaintiff appealed the decision that the four children of Karen Whittemore were entitled to benefits. The matter was referred to an Administrative Law Judge (ALJ), who issued a decision on November 25, 2005 finding that two of the deceased wage earner stepchildren, Allison Swartz and Bridgette Swartz, were not entitled to survivor's benefits as they did not live with and were not supported by the deceased wage earner during the relevant period of time prior to his death, but that the deceased wage earner's other two stepchildren, Catharine Swartz and Dana Swartz, were entitled to survivor's benefits because they lived with the deceased wage earner prior to and at the time of his death. Both Plaintiff and Karen Whittemore appealed this decision to the Appeals Council, and in an Order dated February 1, 2007, the Appeals Council vacated the decision of the ALJ and remanded for further consider of the claim. Id.

A new hearing was held before an ALJ on April 29, 2008. (R.pp. 326-449). In a decision issued May 16, 2008, the ALJ determined that all four of the deceased wage earner's stepchildren were entitled to survivor's insurance benefits. (R.pp. 12, 14-18). The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, thereby making the determination of the



ALJ the final decision of the Commissioner. (R.pp. 4-6).

Plaintiff then filed this lawsuit in Federal District Court, pro se, on behalf of her two children.[1] Plaintiff initially only named the Commissioner of Social Security as a party Defendant, but subsequently amended her Complaint to include Karen Whittemore on behalf of her children as an additional party Defendant. See Court Docket No. 51. Plaintiff challenges the Commissioner's findings that the deceased wage earner's stepchildren meet the relationship and dependency requirements of 42 U.S.C. § § 402(d) and 416(e), thereby entitling the stepchildren to receive child's insurance benefits. The stepchildren's receipt of these benefits results in a reduction of benefits to Plaintiff's natural children.

The Commissioner contends that the decision must be reversed, with remand, because after a review of this matter it has been determined that the ALJ used the wrong standard in reaching his decision. The Commissioner notes that, prior to July 1996, a stepchild could demonstrate dependancy by establishing that he or she was "living with" the insured, even if not receiving financial support from the insured. However, the Social Security Act was amended (effective July 1996) to provide that stepchildren must demonstrate that the insured provided one-half of their support in order to receive surviving children's benefits. 42 U.S.C. § 402(d)(4); see also Pub. L. No. 104-121, 110 Stat. 847. Despite this change in the statutory requirement, however, the SSA Regulations were not revised to reflect this change until August 2010. See 75 Fed. Reg. 52619-01; see also 20 C.F.R. § 404.363. Hence, in reaching his decision in May 2008, the ALJ used the old "living with" standard instead of the new standard in finding that the stepchildren met the dependency

---

[1]There is a general exception for Social Security cases to the usual rule that a parent may not represent minor children, pro se, in a federal lawsuit. Machadio v. Apfel, 276 F.3d 103 (2d Cir. 2002); Harris v. Apfel, 209 F.3d 413 (5th Cir. 2000).



3

requirements of the Act. (R.pp. 16-17); see Lody-Rhodes v. Barnhart, 343 F.Supp.2d 660, 663 at n. 2 (N.D.Ill. 2004)[Applying current version of § 402(d)(4), but noting that the applicable agency regulation (20 C.F.R. § 404.363) still contained the pre-amendment "living with" language at that time].

Plaintiff does not dispute that the ALJ applied the wrong standard in reaching his decision, but argues that the decision should be reversed with an order finding that the deceased wage earner's stepchildren are not entitled to child's insurance benefits, rather than for a remand to the Commissioner for this determination. However, after careful review and consideration of this matter, the undersigned finds and concludes that remand to the Commissioner for further proceedings in required.

Under 42 U.S.C. § 405(g), the Court's scope of review is limited to (1) whether the Commissioner's decision is supported by substantial evidence, and (2) whether the ultimate conclusions reached by the Commissioner are legally correct under controlling law. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Richardson v. Califano, 574 F.2d 802, 803 (4th Cir. 1978); Myers v. Califano, 611 F.2d 980, 982-983 (4th Cir. 1980). The Commissioner concedes that the decision does not meet these requirements, and should be reversed. However, the Commissioner argues that since the ALJ based his decision on the incorrect "old" standard and did not consider or rule upon Plaintiff's claims based on the "new" standard of whether the deceased wage earner provided one-half support to the stepchildren, the matter must be remanded to allow for administrative review and a decision of this factual issue. The undersigned agrees. Timmerman v. Commissioned of Social Security, No. 07-33745, 2009 WL 500604, at * 6 (D.S.C. Feb. 26, 2009)["[A]n award of benefits is appropriate only if all factual issues have been resolved and the



4

record supports a finding of disability"], citing Briscoe v. Barnhart, 435 F.3d 345, 356 (7th Cir. 2005); Cf. INS v. Ventura, 537 U.S. 12, 16 (2002)[When reviewing an administrative judgment, a court "is not generally empowered to conduct a *de novo* inquiry into the matter being reviewed and to reach its own conclusions based on such an inquiry"]; F.P.C. v. Idaho Power Co., 344 U.S. 17, 20 (1952)[Where a court finds an error of law in administrative decision, the matter goes back to the agency for reconsideration]. A decision as to whether the deceased wage earner provided one-half support for his stepchildren must be made by the agency, as the only function of this Court is to review such findings and uphold them if they are supported by substantial evidence, or reverse them if they are not. Meyer v. Astrue, 662 F.3d 700, 707 (4th Cir. 2011)["Assessing the probative value of competing evidence is quintessentially the role of the fact finder. We cannot undertake it in the first instance. Therefore, we must remand the case for further fact finding"].

While the undersigned is certainly sympathetic to Plaintiff's concerns about the long period of time involved in reaching a correct decision on this claim, that does not change the fact that under the applicable law the decision at issue must not be made by a court in the first instance. Meyer, 662 F.3d at 707; Peck v. Barnhart, 214 Fed.Appx. 730, 737 (10th Cir. Dec. 26, 2006)[Reversing with directions for a remand rather than immediate award of benefits because of the Appeal's Court's hesitation "to assume the role of fact-finder in the first instance"]. A review of the ALJ's decision shows that, because he found that the stepchildren met the "living with" requirement of the old statute, he did not consider the question of whether they received at least one-half of their support from the deceased. (R.p. 16). Remand is therefore required for a determination of this factual issue and whether a change in benefits is required, if any.



**<u>Conclusion</u>**

Based on the foregoing, and pursuant to the power of this Court to enter a judgment affirming, modifying or reversing the decision of the Commissioner with remand in Social Security actions under Sentence 4 of 42 U.S.C. § 405(g), it is recommended that the Commissioner's motion for remand be **granted**, that the decision of the Commissioner be **reversed**, and that this case be **remanded** to the Commissioner to properly evaluate whether the deceased wage earner provided his stepchildren one-half of their support prior to his death, and for such further administrative action as may be necessary or appropriate. See <u>Shalala v. Schaefer</u>, 113 S.Ct. 2625 (1993).

The parties are referred to the notice page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

August 27, 2012
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

Both the Plaintiff and the Defendant Karen Whittemore are proceeding pro se on behalf of their children. The Defendant Karen Whittemore did not file a response to the Defendant Commissioner's motion to remand. **Both pro se litigants are on notice that the adoption of the attached Report and Recommendation could have a significant effect on the child insurance benefits at issue in this case.**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "**[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'**" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

7

