IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michele Gasque Thornley, o/b/o Alexis B. Whittemore, and Ashley E. Whittemore,<br><br>        Plaintiff,<br><br>v.<br><br>Michael J. Astrue, Commissioner of Social Security and Karen Whittemore, a/k/a Karen R. Beaty on behalf of her children,<br><br>        Defendants. | Civil Action No. 9:10-2589-MGL<br><br>**OPINION AND ORDER** |

This matter is before the court for review of the Report and Recommendation of the United States Magistrate Judge Bristow Marchant made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 for the District of South Carolina. Pro se Plaintiff Michele Gasque Thornley, on behalf of her two children ("Plaintiff") brought an action seeking child insurance benefits pursuant to Title II of the Social Security Act. *See* 42 U.S.C. § 405(g). The Defendant Commissioner of Social Security ("the Commissioner") has filed a motion for entry of judgment with order for remand pursuant to Sentence Four of § 405(g) to allow for further administrative proceedings before the Commissioner. Plaintiff opposes the remand on the basis that evidence presented to the court suggests that Kerry Whittemore, the deceased wage earner ("deceased wage earner"), did not support his stepchildren during his marriage to Defendant Karen K. Whittemore, a/k/a Karen R. Beaty ("Defendant Whittemore"). (ECF No. 91 at 2.) Plaintiff argues that remand would serve no useful purpose because of the "overwhelming evidence supporting [their] case" and seeks a final order in the interest of time. (ECF No. 91 at 3; ECF No. 85.) In his Report and Recommendation, the Magistrate Judge recommends granting the Commissioner's motion for

remand, that the decision of the Commissioner be reversed, and that the case be remanded to the Commissioner to properly evaluate whether the deceased wage earner provided his stepchildren one-half of their support prior to death. (ECF No. 89 at 6.) For the reasons stated below, the court adopts the Report and Recommendation, reverses the decision of the Commissioner and remands this case to the Commissioner for further administrative action consistent with this order.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates them and summarizes below in relevant part. On November 29, 2003, Plaintiff filed an application for Survivor's Insurance Benefits on the earning records of Kerry Whittemore, her deceased ex-spouse. (Tr. 12.) On December 9, 2003, Karen Whittemore, the widow of Kerry Whittemore, also filed an application for Survivor's Insurance Benefits on behalf of her four natural children, the stepchildren of the deceased wage earner. (*Id.*) The Social Security Administration subsequently determined that all six children were eligible and entitled to Survivor's Insurance Benefits. (*Id.*) Plaintiff appealed this decision and in an order dated November 25, 2005, an Administrative Law Judge ("ALJ") found that two of the stepchildren were not entitled to Survivor's Insurance Benefits as they did not live with and were not supported by the deceased wage earner during the relevant period of time before his death. (*Id.*) The ALJ found that the other two stepchildren were entitled to benefits. Both Plaintiff and Defendant Whittemore appealed the decision to the Appeals Council. The Appeals Council subsequently vacated the decision of the ALJ and remanded the claim for further consideration.

A new hearing was held on April 29, 2008, before an ALJ. The primary issue for the ALJ's consideration was whether the deceased wage earner's stepchildren were entitled to survivor benefits. (Tr. 14.) To resolve the question, the ALJ considered whether the evidence presented to

the Social Security Administration established that the children were either living with *or* receiving at least one-half of their support from the deceased wage earner when he died. (*Id.*)(emphasis added) In an opinion dated May 16, 2008, the ALJ concluded that all four of the deceased wage earner's stepchildren were entitled to survivor benefits because they lived with the deceased wage earner and declined to engage in a further consideration of support. (*Id.* at 16.) The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, therefore the ALJ's decision became the final decision of the Commissioner on July 21, 2010. (Tr. 4.) Plaintiff subsequently filed an action in this court on October 5, 2010. (ECF No. 1.)

## II. REPORT AND RECOMMENDATION

The Magistrate Judge recommends reversing the decision of the Commissioner and remanding this case to the Commissioner for further administrative action. Specifically, after careful review and consideration of this matter, the Magistrate Judge found that the ALJ used an old "living with" standard in reaching his May 2008 decision instead of a new standard which requires that stepchildren demonstrate that the insured provided one-half of their support in order to receive survivor benefits. (ECF No. 89 at 3.) The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1). "However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendations to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the

Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations." *Wallace v. Housing Auth. of the City of Columbia,* 791 F. Supp. 137, 138 (D.S.C. 1992) (internal citations omitted).

## III. PARTIES' RESPONSE

Plaintiff filed objections to the Report and Recommendation on September 11, 2012, arguing that the Magistrate Judge must have "over looked some of the facts" and "object[ing] to the belief that [sic] there is not overwhelming evidence that the deceased wage earner, Kerry W. Whittemore, did not ever or in any way support his step-children." (ECF No. 92 at 1.) Plaintiff goes on to argue that "it was absolutely impossible" for the deceased wage earner to have supported them and references certain bankruptcy and other legal documents, various records, and sworn testimony from witnesses in support of her argument. (ECF No. 92 at 1-2.) Plaintiff requests that this court reverse the Commissioner's decision "with direction for an immediate award of benefits based on the overwhelming evidence." (ECF No. 92 at 2.) In her reply, Defendant Whittemore states her agreement with the Report and Recommendation but also points out that she believes that the original decision of the Commissioner was correctly decided. (ECF No. 93 at 1.) Plaintiff filed a response to Defendant Whittemore's reply to the Report and Recommendation opposing Defendant Whittemore's position, stating that "not only was the wrong standard used in reaching a decision by the ALJ in May 2008, but it has always been applied incorrectly," challenging the evidence (or lack thereof) supplied by Defendant Whittemore concerning these claims, and seeking a just and fair resolution of this matter. (ECF No. 94 at 1-3.) Plaintiff has also submitted additional documents in support of her sur-reply brief in the form of child support payment records and additional supporting documents concerning health insurance. (ECF Nos. 97 & 98.) The Commissioner filed

-4-

his Reply to Plaintiff's Objections to the Report and Recommendation maintaining that a reversal is necessary in this case because the ALJ did not use the correct legal standard in making his determination. (ECF No. 95 at 1-2.)

**IV. DISCUSSION OF THE LAW**

    **A.    Standard of Review**

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Under 42 U.S.C. § 405(g), the court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . ."); *Myers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980). Although the court will review the Commissioner's factual findings only to establish that they are supported by substantial evidence, the court must also "assure that [the Commissioner's] ultimate conclusions are legally correct." *Myers*, 611 F.2d at 982.

Where an agency misapplies the law in addressing a claim, the "'appropriate remedy is to remand so that the agency may apply the correct legal standard in the first instance.'" *Li Fang Lin v. Mukasey*, 517 F.3d 685, 696 (4th Cir. 2008) (*citing Menghesha v. Gonzales*, 450 F.3d 142, 147 (4th Cir.2006)). This is so because, "'judicial judgment cannot be made to do service for an administrative judgment" and a court conducting an appellate level review cannot intrude upon the domain which Congress has exclusively entrusted to an administrative agency. *I.N.S. v. Orlando Ventura*, 537 U.S.12, 16 (2002) (*citing SEC v. Chenery Corp.*, 318 U.S. 80, 88 (1943)).

Further, the statutorily mandated standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *See, e.g., Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). The court

cannot undertake the role of fact finder and conduct an assessment of the probative value of competing evidence in the first instance. *Meyer v. Astrue*, 662 F.3d 700, 707 (4th Cir. 2011).

### B.     Consideration of Plaintiff's Objections

This court has considered Plaintiff's objections in light of the applicable case law, the record in this case, and the briefs and submissions made to this court. Plaintiff's primary objection is that a remand is not necessary because she believes that she has presented sufficient evidence in this case to warrant an immediate award of benefits in her favor. (ECF No. 92.) Of note, Plaintiff does not dispute, and in fact acknowledges that the ALJ applied the wrong standard in reaching his May 2008 decision: "not only was the wrong standard used in reaching a decision by the ALJ in May 2008, but it has always been applied incorrectly. . . ." (ECF No. 94 at 2.) The Commissioner also concedes that the May 2008 decision is incorrect in that it fails to apply the correct standard. Thus, the Commissioner seeks to reverse this case in order to conduct a fair analysis of the evidence under the appropriate standard.

As the Magistrate Judge correctly noted, the decision as to whether the deceased wage earner provided one-half support for his stepchildren must be made by the administrative agency. The only role for this court in this process is to make sure the correct law is applied and to review any factual findings and uphold them if they are supported by substantial evidence, or reverse them if they are not. (ECF No. 89 at 5.) Upon *de novo* review, the court finds that Plaintiff's objections fail to add any new arguments that would make this court reject the Magistrate Judge's Report and Recommendation. In fact, the sizeable sum of evidence submitted directly to this court in opposition to the motion for remand only further leads this court to remand this matter for proper consideration in the first instance by the appropriate adjudicative body as there appears to be several facts and issues in dispute. *See Meyer v. Astrue*, 662 F.3d 700, 707 (4th Cir. 2011)("Assessing the probative

value of competing evidence is quintessentially the role of the fact finder. We cannot undertake it in the first instance. Therefore, we must remand the case for further fact finding.") The court is of course cognizant of and sympathetic to Plaintiff's concerns about the prolonged nature of this process. However, given that the law was incorrectly applied, this court has no choice but to remand this case for further proceedings consistent with the applicable law.

## CONCLUSION

The court has carefully reviewed the record and concurs in the recommendation of the Magistrate Judge. Thus, the court adopts the Report and Recommendation and incorporates it herein by reference. For the reasons set forth in this Opinion and in the Report and Recommendation, the Commissioner's Motion for Remand (ECF No. 82) is hereby GRANTED, the decision of the Commissioner is hereby REVERSED, and this matter REMANDED for further evaluation of whether the deceased wage earner provided his step children one-half of their support prior to his death, and for any such further administrative action and proceedings as may be necessary or appropriate in light of this order.

IT IS SO ORDERED.

s/ Mary G. Lewis
United States District Judge

Spartanburg, South Carolina
December 5, 2012